## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIO LOJA**, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| - against - | Civil Action No. |
| **MENDEL'S MUFFINS AND STUFF, INC.,** and **BEST BITES DISTRIBUTIONS, INC.,** and **GERSHON NEUSTADT**, an Individual, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Defendants. | |

Plaintiff Mario Loja ("plaintiff") individually and on behalf of all others similarly situated, through his undersigned attorneys, for their Class and Collective Action Complaint against defendants Mendel's Muffins and Stuff, Inc. ("Mendel's"), Best Bites Distributions, Inc. ("Best Bites"), and Gershon Neustadt (collectively the "defendants") alleges upon actual knowledge as to himself and, as to all other matters, alleges upon information and belief, as follows:

### NATURE OF ACTION

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law ("NJWPL") N.J.S.A. § 34:11-4.1, *et seq.* for defendants' failure to pay their employees the full amount of wages due. Plaintiff seeks damages on his own behalf and on behalf of all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendants reside in and/or conduct or conducted business in this district and because the events or omissions giving rise to the claim set forth herein occurred in Passaic County, New Jersey.

4.      Plaintiff's state law claims are interposed in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367(a).

5.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff Mario Loja is a resident of Bergen County, New Jersey. He was employed by defendants at their factory bakery at 53 Jersey Street, Paterson, New Jersey, 07501, as a bakery worker from in or about April 2017 to in or about December 2017.

7.      At all relevant times, including from in or about December 2014 to December 2017, plaintiff and those similarly situated had an employment relationship with, and were employees of, defendants within the meaning of the FLSA, NJWHL, and NJWPL.

8.      Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). A copy of his FLSA Consent Form is attached as Exhibit A.

9.      Mendel's, a New Jersey corporation, has been at all relevant times a factory bakery and baked goods distribution company located at 53 Jersey Street, Paterson, New Jersey, 07501.

10.     Mendel's has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

11.     Mendel's has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

12.     Best Bites, a New Jersey corporation, has been at all relevant times a factory bakery and baked goods distribution company located at 53 Jersey Street, Paterson, New Jersey, 07501.

13.     Best Bites has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

14.     Best Bites has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

15.     At all relevant times, and as a matter of economic reality, Mendel's and Best Bites have been within the meaning of the FLSA, NJWHL, and NJWPL a single and/or joint employer of plaintiff and those similarly situated and therefore they are each jointly and severally liable to the plaintiff and those similarly situated for violations of the FLSA, NJWHL, and NJWPL. Mendel's and Best Bites are hereinafter referred to collectively as the "Bakery."

16.     Facts that demonstrate that Mendel's and Best Bites were plaintiff's employers include:

    a.      Mendel's and Best Bites suffered or permitted plaintiff and similarly situated employees to work.

b.      Mendel's and Best Bites acted directly or indirectly in the interest of one another in relation to plaintiff and similarly situated employees.

c.      Mendel's and Best Bites have an economic interest in the Bakery.

d.      Mendel's and Best Bites simultaneously benefitted from the work of plaintiff and similarly situated employees.

e.      Mendel's and Best Bites each had either functional and/or formal control over terms and conditions of work of plaintiff and similarly situated employees.

f.      Plaintiff and similarly situated employees performed work integral to Mendel's and Best Bites' operation.

g.      Mendel's and Best Bites each controlled the day-to-day operations of the Bakery and its employees, including plaintiff and similarly situated employees.

h.      Mendel's and Best Bites have overlapping ownership.

i.      Mendel's and Best Bites together determined and executed the pay practices for plaintiff and similarly situated employees.

j.      Mendel's and Best Bites together determined the work schedules for plaintiff and similarly situated employees.

k.      Mendel's and Best Bites both benefitted from the wage and hour violations each committed as alleged herein.

l.      Mendel's and Best Bites both maintained the payroll and employee records of plaintiff and similarly situated employees.

17.     At all relevant times, Gershon Neustadt exercised sufficient control over plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA, NJWHL, and NJWPL.

18.     Defendant Gershon Neustadt is an owner and officer of the Bakery

19.     Gershon Neustadt acted directly or indirectly in the interest of the Bakery.

20.     Gershon Neustadt suffered or permitted plaintiff and all others similarly situated to work.

21.     Gershon Neustadt has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

22.     Gershon Neustadt was the employer of plaintiff and those similarly situated under the FLSA, NJWHL, and NJWPL because, at all relevant times, Gershon Neustadt exercised sufficient operational control and policy-making authority over the Bakery's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring and firing of employees, directing the manner in which manner in which employees performed their daily duties and assignments, determining the employees' rates of pay and hours of work, creating and enforcing the method by which the employees' wages were computed, establishing and implementing pay practices and work scheduling policies, and maintaining payroll and employee records.

23.     Gershon Neustadt exercises sufficient control over plaintiff's and the FLSA Collective and Class members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA, NJWHL, and NJWPL.

- 5 -

24.     Gershon Neustadt is sued individually in his capacity as a principal, owner, and employer of the Bakery.

25.     Gershon Neustadt is personally and jointly and severally liable for the violations of the FLSA, NJWHL, and NJWPL by the Bakery.

## COLLECTIVEALLEGATIONS

26.     Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other similarly situated people, which shall include:

> All employees who work or worked as bakery workers for the defendants Mendel's Muffins and Stuff, Inc., Best Bites Distributions, Inc., and Gershon Neustadt in Paterson, New Jersey at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

27.     Defendants are liable under the FLSA for, *inter alia*, failing to pay plaintiff overtime pay for time worked in excess of 40 hours in a workweek and for failing to pay federal minimum wage to employees during their first and last weeks of employment. There are likely over 50 similarly situated current and former employees of the defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable, and can be located through defendants' records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FSLA Collective pursuant to 29 U.S.C. § 216(b).

28.     As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, which has caused significant damage to the FLSA Collective.

- 6 -

29.     This policy, pattern, or practice includes, *inter alia*, failing to pay overtime at the rate of one-and-one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek and failing to pay federal minimum wage to employees for their first and last weeks of employment.

30.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and the NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

31.     Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings the Second and Third Claims as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All employees who work or worked as bakery workers for the defendants Mendel's Muffins and Stuff, Inc., Best Bites Distributions, Inc., and Gershon Neustadt in Paterson, New Jersey at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

33.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class members is unknown to plaintiff at this time but there are believed to be over 50 such persons. The identity of the Rule 23 Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain as a matter of state and federal law.

34.     Plaintiff's claims are typical of the claims of the other members of the New Jersey Rule 23 Class as plaintiff and all other members of the Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New Jersey law complained of herein. The Rule 23 Class members work, or have worked, for the defendants as bakery workers and were not paid overtime wages, or first and last paychecks due by the defendants. They have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL and NJWPL.

35.     Plaintiff will fairly and adequately protect the interests of the members of the Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

36.     Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

37.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

38.     Common questions of law and fact exist as to all members of the Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

        a.      Whether the NJWHL, NJWPL, and the supporting regulations were violated by defendants' acts as alleged herein;

        b.      Whether defendants failed to pay overtime wages to plaintiff and other Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL;

        c.      Whether defendants failed to pay first and last paychecks due to plaintiff and other Rule 23 Class members, as required by the NJWPL; and

d.      Whether plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

39.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate relief with respect to the Rule 23 Class as a whole.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

## FACTUAL ALLEGATIONS

41.     Plaintiff was employed by defendants from in or about April 2017 to in or about December 2017 as a bakery worker. His duties included mixing dough, scooping dough, putting dough into the ovens, taking finished baked goods out of the ovens, moving finished baked goods to storage areas, and cleaning the bakery and bakery equipment.

42.     At all relevant times, the FLSA Collective and the Rule 23 Class were or are employed by defendants as bakery workers. Their duties included mixing dough, scooping dough, putting dough into the ovens, taking finished baked goods out of the ovens, moving finished baked goods to storage areas, and cleaning the bakery and bakery equipment.

43.     Each day, plaintiff, the FLSA Collective, and the Rule 23 Class punched in on a time clock when they began work and punched out on a time clock when they ended work.

- 9 -

44.     At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class worked six days per week, in excess of 40 hours per week.

45.     Plaintiff worked Monday from 7:00 a.m. to 7:00 p.m., Tuesday from 7:00 a.m. to 7:00 p.m., Wednesday from 7:00 a.m. to 7:00 p.m., Thursday from 7:00 a.m. to 7:00 p.m., Friday from 7:00 a.m. to 5:00 p.m., had Saturday off, and worked Sunday from 8:00 a.m. to 6:00 p.m., with a 45-minute unpaid lunch break each day, for a total of 63.5 hours of work per week.

46.     At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class were paid straight time for all hours worked, and were not paid time-and-a-half overtime pay for hours in excess of 40 worked in a week, as required by the FLSA and NJWHL.

47.     Plaintiff was paid $9.25 for all hours worked, including for hours more than 40 worked in a workweek.

48.     At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class were and are nonexempt employees who were and are entitled to overtime pay under the FLSA and NJWHL.

49.     Defendants failed to pay plaintiff, the FLSA Collective, and the Rule 23 Class overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek.

50.     Because defendants did not pay plaintiff, the FLSA Collective, and the Rule 23 Class overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek, defendants did not provide them with all compensation owed to them.

51.     Defendants paid plaintiff and others similarly situated weekly, sometimes by check, sometimes by cash, and sometimes by a combination of both.

52.     Defendants failed to pay plaintiff legally mandated federal and New Jersey overtime pay for each and every weekly pay period he worked for defendants beginning in or about April 2017 to his last day of work in or about December 2017. For example, in 2017 these weekly pay periods include pay periods ending on October 20, November 24, and December 29.

53.     In each of the identified pay periods above, plaintiff worked in excess of 40 hours per workweek.

54.     Defendants withheld plaintiff's first and last paychecks, and thus did not pay plaintiff at all for his first and last weeks of work.

55.     Defendants unlawfully withheld the first and last paychecks of the FLSA Collective and the Rule 23 Class.

56.     At all relevant times, plaintiff and the Rule 23 Class were and are employees of defendants who were and are entitled to be paid for all hours worked under the NJWPL.

57.     Because defendants unlawfully withheld the first and last paychecks of plaintiff and the Rule 23 Class, defendants did not pay them for all hours worked as required by the NJWPL.

58.     Defendants' unlawful conduct has been widespread, repeated and consistent.

59.     Defendants' conduct was willful, in bad faith, and has caused significant damages to plaintiff and the FLSA Collective and Rule 23 Class.

### FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act
### Unpaid Overtime Wages and Unpaid Minimum Wages

60.     Plaintiff and the FLSA Collective reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

61.    At all relevant times, the plaintiff and the FLSA Collective were employed by defendants within the meaning of the FLSA.

62.    Defendants are required to pay plaintiff and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq.*

63.    Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

64.    Defendants are required to pay plaintiff and the FLSA Collective federal minimum wage for all hours of work.

65.    Defendants failed to pay plaintiff and the FLSA Collective minimum wage for hours worked during their first and last weeks of employment with defendants and therefore failed to pay them minimum wage during those periods.

66.    Defendants maintained a practice of not paying anything to plaintiff and the FLSA Collective for their first and last weeks of employment with defendants, and therefore failed to pay them minimum wage during those periods.

67.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

68.    Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

69.    As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA

and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### New Jersey Wage and Hour Law
### Unpaid Overtime Wages and Unpaid Minimum Wages

70.     Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

71.     Under the NJWHL, defendants were required to pay plaintiff and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

72.     Plaintiff and the Rule 23 Class regularly worked more than 40 hours per week.

73.     Defendants have failed to pay Plaintiff and the Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

74.     Defendants' violation of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

75.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the Rule 23 Class.

76.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the Rule 23 Class members overtime wages.

77.     Due to defendants' willful violations of the NJWHL, plaintiff and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

78.     Under the NJWHL, defendants were required to pay plaintiff and the Rule 23 Class a statutorily mandated minimum wage for each hour worked.

79.     Defendants maintained a practice of not paying anything to plaintiff and the Rule 23 Class for their first and last weeks of employment with defendants, and therefore failed to pay them minimum wage during those periods.

80.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the Rule 23 Class.

81.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the Rule 23 Class members minimum wages.

82.     Due to defendants' willful violations of the NJWHL, plaintiff and the Rule 23 Class Members are entitled to recover their unpaid minimum wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**New Jersey Wage Payment Law**
**Unpaid Wages**

83.     Plaintiff and the Rule 23 Class reallege and incorporate by reference all allegations in all preceding paragraphs.

84.     At all relevant times, plaintiff and the Rule 23 Class were employed by defendants within the meaning of the NJWPL.

85.     Pursuant to the NJWPL, an employer must pay its employees the full amount of wages due. *See* N.J.S.A. § 34:11-4.2; N.J.A.C. 12:55-2.4(j).

86.     The NJWPL has a statute of limitations of six years. *See Meyers v. Heffernan*, 2014 U.S. Dist. LEXIS 92117 (D.N.J. 2014).

- 14 -

87.     By failing to pay plaintiff and the Rule 23 Class their first and last paychecks, defendants violated the NJWPL and N.J.A.C.

88.     Defendants' violation of the wage payment requirements of the NJWPL was part of their regular business practice and constituted a pattern, practice, and/or policy.

89.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWPL with respect to the compensation of plaintiff and the Rule 23 Class.

90.     As a result of defendants' violations of the NJWPL, plaintiff and the Rule 23 class have suffered damages by being denied pay for all of his hours worked and by being denied regular wages in accordance with the NJWPL in amounts to be determined, and they are entitled to recovery of such amounts, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWPL.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the FLSA Collective and the Rule 23 Class pray for the following relief:

A.      An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B.      Designation of the named plaintiff as representative of the FLSA Collective;

C.      An order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second and Third Claims for the

- 15 -

class of employees described herein, certifying plaintiff as the class representative and designating plaintiff's counsel as Class counsel;

D.   Judgment for plaintiff and the FLSA Collective Action members for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

E.   Judgment for plaintiff and the Rule 23 Class members for all statutory and compensatory damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

F.   An award to plaintiff and the FLSA Collective and Rule 23 Class for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

G.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and under appropriate state law; and

H.   Any and all other relief which the Court deems appropriate under the circumstances.

/s/Mitchell Schley
Mitchell Schley
Law Offices of Mitchell Schley, LLC
mschley@schleylaw.com
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816
Telephone:  732-325-0318
mschley@schleylaw.com

Louis Pechman
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, NY 10022
212-583-9500
pechman@pechmanlaw.com

*Attorneys for plaintiff Mario Loja
individually and on behalf of all other
persons similarly situated*