UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIO LOJA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

MENDEL'S MUFFINS AND STUFF, INC., and BEST BITES DISTRIBUTIONS, INC., and GERSHON NEUSTADT, an Individual,

Defendants.

Civil Action No.
2:18-cv-09248 (ES)(MAH)

## ~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

The Court, having considered the parties' Joint Stipulation of Settlement and Release ("Stipulation") and attached exhibits, and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, ~~hereby finds and orders as follows:~~ and for the reasons set forth on the record at the May 14, 2020 conference, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Order Granting Preliminary Approval") shall have the same meanings as defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this action, Plaintiff Mario Loja ("Plaintiff"), the Class Members, the FLSA Collective Members, and Mendel's Muffins and Stuff, Inc., Best Bites Distributions, Inc., and Gershon Neustadt (collectively "Defendants").

3. The Court finds on a preliminary basis that the Settlement memorialized in the Stipulation and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate.

4. The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel well-versed in the prosecution of wage and hour class and collective actions.

5. The Court grants preliminary approval of the parties' Stipulation.

**Certification of the Rule 23 Class and Collective Action for Settlement Purposes Only**

6. Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Stipulation, and setting the date and time of the final approval hearing.

7. The Court finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied. The Court further finds, for settlement purposes only, that the requirements of the collective action provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b), is satisfied.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the Rule 23 Class described in the Stipulation: All hourly paid bakery production workers who worked for Mendel's Muffins and Stuff, Inc., Best Bites Distributions, Inc., and Gershon Neustadt at the Paterson, New Jersey Facility between the period September 1, 2017 and September 1, 2019.

9. This Order, which conditionally certifies a class and collective action for settlement purposes only, shall not be cited in this or any other matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Stipulation.

10. The Court appoints Plaintiff Mario Loja, for settlement purposes only, as Class Representative.

**Appointment of Plaintiff's Counsel as Class Counsel**

11.  The Court appoints, for settlement purposes only, the Law Offices of Mitchell Schley, LLC, 197 Route 18, Suite 3000, East Brunswick, New Jersey 08816 and Pechman Law Group PLLC, 488 Madison Avenue – 17th Floor, New York, New York 10022, as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

**Notice**

12.  The Court approves A.B. Data, Ltd. as the Claims Administrator to perform duties in accordance with the Stipulation.

13.  The Court finds that the procedures for notifying the Class about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

14.  The Court approves, as to form and content, the Proposed Notice of Class and Collective Action Settlement ("Notice") attached to the Stipulation as Exhibit A. The Notice satisfies Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts Class Members on notice of the proposed Settlement.

15.  The Claims Administrator is authorized to mail the Notice, after it is updated with the appropriate dates and deadlines consistent with the Stipulation, to the applicable Class and FLSA Collective Members as provided in the Stipulation. As set forth in Section IV.H.2 of the Stipulation, the Claims Administrator shall mail the Notices within ten (10) calendar days of the entry of this Order.

16.  Any Opt-Out Statement or written objection to the settlement by a Class Member who has not opted-out must be sent to Class Counsel no later than thirty (30) days after the Notice is mailed to the Class Members for filing with the Parties' motion for final approval of settlement.

17.     In the event that the Court issues a Final Order Approving Settlement in this Action, any Class Member who fails to properly and timely request exclusion from the Rule 23 Settlement Class shall be bound by the terms of the Settlement.

**Class Action Settlement Procedure**

18.     The Court hereby adopts the settlement approval process as set forth in the Stipulation. As set forth in Section IV.C.12 of the Stipulation, the Parties will submit a motion for final approval of settlement and Plaintiff's Counsel will submit a motion for approval of attorneys' fees and costs no later than twenty-one (21) days before the Fairness Hearing.

19.     In the event that approval by the Court of the Parties' final motion for approval of settlement does not occur, the Settlement, the Stipulation, and this Order shall be deemed null and void. In such case, nothing in the Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

20.     Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiff, Class Representatives and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this Litigation; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any other action, claim or proceeding against Defendant in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

21. The parties are ordered to carry out the Settlement according to the terms of the Stipulation.

22. The Court will conduct a Fairness Hearing on \_\_\_\_September 30\_\_, 2020 at 2:00 ~~a.m.~~/p.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Service Awards to the Class Representative; (c) hearing any timely and properly filed objections; and (d) entering Judgment. The Fairness Hearing may be continued without further notice to Class Members. The parties shall file their joint motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service award on or before twenty-one (21) days prior to the Fairness Hearing.

IT IS SO ORDERED.

Notice to the class shall issue by June 8, 2020
Plaintiff shall file the motion for final approval and attorneys' fees by July 21, 2020
The deadline to opt-out or object shall be August 21, 2020
Plaintiff shall file any reply in further support of final approval and attorneys' fees by September 7, 2020

DATED: _____May 14_____, 2020

s/Michael A. Hammer

Honorable Michael A. Hammer
United States Magistrate Judge

5