IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO LOJA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MENDEL'S MUFFINS AND STUFF, INC., and BEST BITES DISTRIBUTIONS, INC., and GERSHON NEUSTADT, an Individual,<br><br>Defendants. | Civil Action No.<br>2:18-cv-09248 (MAH) |

## [PROPOSED] FINAL ORDER AND JUDGMENT

The Court, having considered the parties' Joint Stipulation of Settlement and Release ("Stipulation") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, and for the reasons set forth on the record on October 7, 2020, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this Action, Plaintiff Mario Loja ("Plaintiff"), the Class Members, the FLSA Collective Members, and Mendel's Muffins and Stuff, Inc., Best Bites Distributions, Inc., and Gershon Neustadt (collectively "Defendants").

3. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Parties, the Claimants, and the Qualified Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

1

4.  The Court finds that there were <u>zero</u> written objections to the Settlement.

5.  The Court finds that there were <u>zero</u> requests for exclusion from the Settlement.

6.  The Court finds that the procedures for notifying the Class Members and FLSA Collective Members about the Settlement, including the Class Notices and related documents, constituted the best notice practicable under the circumstances to all Class Members and FLSA Collective Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notices to the Class Members and FLSA Collective Members provided adequate, due, sufficient and valid notice of the Settlement.

7.  The Court finds, for settlement purposes only, that the Class and FLSA Collective satisfy the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

8.  The Litigation is dismissed on the merits and with prejudice, permanently barring the Plaintiff and all other Claimants and Qualified Class Members from filing, commencing, prosecuting, or pursuing the claims Released by the Stipulation whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

9.  Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved as follows: Class Counsel are hereby awarded <u>$56,122.00</u> for attorneys' fees and <u>$1,616.00</u> for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case, to be divided among Class Counsel pursuant to agreements among said Class Counsel.

9.  The service award of <u>$5,000.00</u> for Class Representative Mario Loja, as set forth in Section III(B)(2) of the Joint Stipulation of Settlement and Release, is approved to compensate him for his unique services in initiating and maintaining this litigation.

10. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or Releasees of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Class Members, the FLSA Collective Members, or any other person, or that class or collective action certification is appropriate in this or any other matter.  There has been no determination by any Court as to the merits of the claims asserted by Plaintiff against Defendant or as to whether a class should be certified, other than for settlement purposes only.

11. The Action is dismissed on the merits and with prejudice, and Class Representatives, Class Members and Claimants, and anyone acting on their behalf, shall be barred and enjoined from:  filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

12. The Court shall have exclusive and continuing jurisdiction over this Action for purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Final Approval Order.

13. The Parties are ordered to carry out the Settlement as provided in the Stipulation.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: October 7, 2020

s/Michael A. Hammer
Honorable Michael A. Hammer, USMJ